## BECHTEL vs. NEILSON and others.

Under chap. 17, R. S., the occupants of lands *not enclosed* with fences, are not bound to maintain partition fences between such land and the next adjoining enclosures.

A decision of fence viewers requiring the occupant of unenclosed land to erect, maintain or pay for part of a division fence, is *void*.

Where, in an action (under sec. 6, ch. 17, R. S.) to recover twice the value of certain fencing erected by plaintiff on the division line between his land and that of defendants, the complaint did not aver, nor the answer deny, that defendants' land

was enclosed, but the answer alleged that the proceedings of the fence viewers were void: *Held,* that it was error to refuse evidence offered by defendants to show that the land was unenclosed.

APPEAL from the Circuit Court for *Dane* County.

Action to recover twice the value of a fence built by plaintiff on the line between his land and that of the defendants. The complaint states all the other facts necessary to a recovery under the statute (ch. 17, R. S.), including a determination of the fence viewers requiring the defendants to erect and maintain the west half of the fence on said line, and a subsequent determination by those officers of the value of the fence erected and maintained by plaintiff on said west half of the line upon defendants' neglect to erect the same; but it fails to aver that the land owned and occupied by defendants was inclosed or improved. The answer substantially admits all the allegations of the complaint, except as it insists that the proceedings of the fence viewers were void, and denies that the defendants were bound by law to maintain said fence.

On the trial, after plaintiff had introduced evidence to sustain the complaint, including the several notices to the fence viewers, and their several determinations as alleged (to which the defendants objected), evidence offered for the defendants to show that their land was not inclosed or improved at the times mentioned in the complaint, was ruled out. Defendants then asked leave to amend their answer by inserting an allegation that the said land was not inclosed or improved, nor any part thereof; but the motion was denied. The court instructed the jury that, upon the evidence, the plaintiff was entitled to a verdict; and they found accordingly. Motion for a new trial overruled; and judgment upon the verdict; from which defendants appealed.

*E. & C. T. Wakeley,* for appellants.

*Braley & Smith,* for respondent.

*By the Court,* DIXON, C. J. After an examination of the briefs of counsel, comment by us upon the provisions of the

statute involved seems quite unnecessary. It is enough to say that we fully agree with the counsel for the defendants that it is only the "occupants of lands enclosed with fences" who are bound to maintain partition fences between their own and the next adjoining enclosures. Such is the language of section two, and such appears to us to have been the intention of the legislature as derived from the whole act.

We agree with the same counsel, too, as to the effect of the decision of the fence viewers.

Their jurisdiction is special and statutory, and, unless the facts existed upon which they were authorized to act, it is no matter what they decided. Their proceedings were void. If, at the time, the lands of the defendants were unenclosed, or "lay open to commons," as the defendants offered to prove, then the action of the fence viewers was unauthorized and void; and their decision imposed no obligation upon the defendants either to build the fence or pay the damages for which this action is brought.

This evidence should have been received; and because it was not, the judgment is reversed and a new trial awarded.